IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEE THOMAS MURPHY,

    Plaintiff,                    No. CIV S-09-2587 JAM DAD PS

    vs.

ARNOLD SCHWARZENEGGER,

    Defendant.                <u>ORDER</u>

_____/

        Before the court is an amended complaint filed by the pro se plaintiff on February 4, 2010.

        On October 7, 2009, defendant Schwarzenegger, the sole defendant named in plaintiff's original complaint, filed a motion to dismiss plaintiff's complaint. Plaintiff filed no opposition to the motion but filed an untimely request for continuance less than an hour prior to the hearing on December 11, 2009. In his written request and in open court on December 11, 2009, plaintiff stated that he sought a continuance in order to retain counsel and to allow that counsel time to prepare a response to defendant's motion to dismiss. Plaintiff stated that he has the funds to retain counsel and that lack of funds was the sole reason for his inability to obtain counsel previously. On the basis of plaintiff's representations, the court continued the hearing of defendant's motion to February 19, 2010, and ordered that, "[i]f plaintiff files and serves an

1

amended complaint prior to February 5, 2010, defendant's motion will be dropped from calendar and denied as moot." (Order filed Dec. 15, 2009, Doc. No. 13, at 1.)

On February 4, 2010, plaintiff filed an amended complaint in this action. The undersigned finds plaintiff's amended complaint deficient in several respects. Still proceeding pro se and apparently residing in Arizona at this time, plaintiff has attempted to join as a plaintiff an entity named "National Standards Enforcement Agency," which plaintiff describes as "a legal nonprofit unincorporated entity" established under Texas law for the purpose of enforcing what plaintiff perceives as national environmental policy. Plaintiff describes himself as administrator of the "agency" and alleges that he is an officer of the organization "appointed to receive all service and to represent the legal entity as he sees fit."

Litigants are not permitted to be represented by non-lawyers. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others); United States v. Kelley, 539 F.2d 1199 (9th Cir. 1976) (holding that the constitutional right to self-representation in criminal cases does not imply a corollary right to choose a non-lawyer as counsel); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (holding that appearance in propria persona on one's own behalf is a privilege personal to the individual litigant and does not confer authority to appear as an attorney for others). Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a).

"A corporation or other entity may appear only by an attorney." Local Rule 183(a). Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association, may not represent their entities pro se. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through

licensed counsel. . . . [T]hat rule applies equally to all artificial entities."); United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder).

For the reasons set forth above, the pro se plaintiff in this case may not proceed on an amended complaint in which he attempts to represent an entity plaintiff that cannot proceed pro se or be represented by another party proceeding pro se.

In addition, plaintiff's amended pleading, originally captioned for filing in the United States District Court of Arizona, seeks to add numerous defendants, the majority of whom are residents of Arizona. In adding these defendants and others, plaintiff seeks to add entirely new claims arising from events that occurred in Arizona, as well as claims against federal defendants. Although plaintiff's original complaint includes "DOES 1 through 100" in the caption, that complaint alleges no facts concerning any fictitious defendants, and the proposed new defendants cannot be construed as a good faith effort to identify defendants previously sued as DOES 1 through 100 in plaintiff's original complaint.

The undersigned takes judicial notice of court records reflecting that on January 25, 2010, plaintiff, along with his Texas organization and a sole proprietorship apparently owned by plaintiff, filed five pro se lawsuits against many of the Arizona defendants named in plaintiff's amended complaint.[1] In National Standards Enforcement Agency Administrator, et al. v. Dean Barlow, et al., case No. 3:10-cv-8015 JWS (D. Ariz.), and in National Standards Enforcement Agency Administrator, et al. v. Donald Callahan, et al., case No. 3:10-cv-8016 JWS (D. Ariz.), plaintiffs' motions to proceed in forma pauperis were denied on January 28, 2010, and the

---

[1] A court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000).

complaints were dismissed with leave to file either an amended complaint signed by a lawyer representing the plaintiffs or an amended complaint in which plaintiff is the sole plaintiff. In National Standards Enforcement Agency Administrator, et al. v. David McAtlin, et al., case No. 3:10-cv-8019 MEA (D. Ariz.), plaintiff's in forma pauperis application was denied on February 5, 2010, his complaint was dismissed without prejudice, and the case was closed. No action had been taken in National Standards Enforcement Agency Administrator, et al., v. Margaret Nyberg, et al., case No. 3:10-cv-8017 NVW (D. Ariz.), or in National Standards Enforcement Agency Administrator, et al. v. Lee Barnes, et al., case No. 3:10-cv-8018 FJM (D. Ariz.), when the undersigned examined the dockets for these cases on February 7, 2010. It is clear, however, that plaintiff was placed on notice by two judges in three cases filed in the United States District Court for the District of Arizona that an entity must be represented by counsel. Despite such notice, plaintiff attempted to join an entity defendant in this action and also attempted to pursue duplicative Arizona claims in this court.

Plaintiff's pro se amended complaint will be dismissed for improper joinder of an entity plaintiff that cannot proceed pro se or be represented by an individual proceeding pro se and also for improper joinder of defendants and claims that are duplicative of claims filed in another court where venue appears to be proper. This action will now proceed on plaintiff's original complaint. Defendant's motion to dismiss the original complaint will not be denied as moot. The hearing of defendant's motion will be continued to March 5, 2010, in order to give the pro se plaintiff one final opportunity to file opposition to defendant's motion. No further continuance will be granted for this purpose at plaintiff's request. Defendant may, however, re-notice the motion if counsel cannot be available on March 5, 2010.

Accordingly, IT IS ORDERED that:

1. Plaintiff's February 4, 2010 first amended complaint (Doc. No. 14) is dismissed, and plaintiff's original complaint is reinstated as the operative pleading.

/////

4

2. The Clerk shall amend the docket to reflect that the only defendant in this action is defendant Schwarzenegger, and no summons shall issue for any other defendant.

3. The hearing of defendant's motion to dismiss (Doc. No. 7) is continued to March 5, 2010, at 10:00 a.m., in Courtroom 27.

4. Plaintiff's opposition or statement of non-opposition to defendant's motion shall be filed on or before February 19, 2010. No further extension of time will be granted for this purpose, even if the motion is re-noticed by defendant. If plaintiff obtains representation, counsel will be bound by this schedule absent further order of the court.

5. Any reply to opposition shall be filed and served by defendant on or before February 26, 2010. See Local Rule 230(c) & (d).

6. Any party who wishes to appear telephonically at the hearing of defendant's motion shall arrange telephonic appearance by contacting Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than 48 hours before the hearing.

7. Plaintiff is cautioned that failure to file timely opposition to defendant's motion or to appear at the hearing of the motion may result in a recommendation that this case be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules. See Local Rules 110 and 183.

DATED: February 10, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\murphy2587.ord.ac