

1  DEE THOMAS MURPHY
2  PRIVATE ATTORNEY GENERAL
   OF THE UNITED STATES OF AMERICA
3  CITIZEN / INTERESTED PERSON
   1802 COMBAT DR.
4  LAKE HAVASU CITY, ARIZONA 86403
5  T: (775) 848-8800
6  E-MAIL: TOM@RECLAMATOR.NET
   PREPRESENTING PLAINTIFFS
7  - IN PRO PER -
8
9  *National Standards Enforcement Agency  v. Strauss, et al.*
   United States District Court Case No:  CIV S-09-2587-JAM DAD PS
10
11
12
13
14
15
16
17  **UNITED STATES DISTRICT COURT FOR THE**
18  **EASTERN DISTRICT OF CALIFORNIA**
19
20
21
22
23
24
25
26
27
28

*(left margin, rotated)* NATIONAL STANDARDS ENFORCEMENT AGENCY

**FILED**

FEB 19 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

-1-
**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

| | |
|---|---|
| 1 | NATIONAL STANDARDS ENFORCEMENT AGENCY, ADMINISTRATOR; AND, DEE THOMAS MURPHY, INTERESTED PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA, |
| 2 | |
| 3 | |
| 4 | **Plaintiffs,** |
| | v. |
| 5 | |
| 6 | ALEXIS STRAUSS, AS A PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA; AND AS THE DIRECTOR OF THE WATER DIVISION, USEPA ADMINISTRATOR REGION 9; |
| 7 | |
| 8 | ARNOLD SCHWARZENEGGER, AS A PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA; AND AS THE GOVERNOR OF THE STATE OF CALIFORNIA; |
| 9 | |
| 10 | EDMUND G. BROWN JR., AS A PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA; AS THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; |
| 11 | |
| 12 | |
| 13 | MIKE CHRISMAN, AS A PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA; AS THE SECRETARY OF NATURAL RESOURCES OF THE STATE OF CALIFORNIA; |
| 14 | |
| 15 | BILL CHIAT, AS A PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA; AS EXECUTIVE DIRECTOR OF THE CALIFORNIA ASSOCIATION OF THE LOCAL AGENCY FORMATION COMMISSION (CALAFCO) OF THE STATE OF CALIFORNIA; |
| 16 | |
| 17 | |
| 18 | |
| 19 | BARRY LA BARBARA, AS A PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA; AS A EX-SUPERIOR COURT JUDGE OF THE STATE OF CALIFORNIA; |
| 20 | |
| 21 | BRUCE GIBSON, AS A PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA; AS SUPERVISOR, 2ND DISTRICT, SAN LUIS OBISPO COUNTY OF THE STATE OF CALIFORNIA; |
| 22 | |
| 23 | |
| 24 | LISA SCHICKER, AS A PERSON AND CITIZEN OF THE UNITED STATES OF AMERICA; AS FORMER PRESIDENT AND BOARD MEMBER OF THE LOS OSOS COMMUNITY SERVICES DISTRICT WITHIN THE COUNTY OF SAN LUIS OBISPO, CALIFORNIA; |
| 25 | |
| 26 | |
| 27 | JANET NAPOLITANO, AS A PERSON AND CITIZEN OF THE UNITED STATES OF |
| 28 | |

Case No: CIV S-09-2587-JAM DAD PS

**PLAINTIFFS' OPPOSITION TO ORDER TO REINSTATE ORIGINAL COMPLAINT, AND;**

**SECOND AMENDED COMPLAINT FOR:**

**DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FROM RACKETEERING, CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY, AND RELATED CLAIMS;  AND, ALTERNATIVELY, FOR FRAUD – CONCEALMENT, BREACH OF FIDUCIARY DUTY, VIOLATION OF PUBLIC TRUST AND INSUBORDINATION; CONSTRUCTIVE FRAUD - EXTORTION; ENVIRONMENTAL MALFEASANCE; ENVIRONMENTAL TERRORISM WITH INTENT TO COMMIT KNOWING ENDANGERMENT TO PUBLIC HEALTH, WELFARE AND LIVELIHOOD.**

18 U.S.C. 1961 *et seq.*;
18 U.S.C. 1964
(Civil RICO Remedies);  and,
International Covenant on
Civil and Political Rights
(enacted by Congress with
Specific Reservations)
*in pari materia* with the
Supremacy Clause in the
U.S. Constitution.

**JURY TRIAL DEMANDED**

-2-

NATIONAL STANDARDS ENFORCEMENT AGENCY

AMERICA; AS SECRETARY OF THE
DEPARTMENT OF HOMELAND SECURITY OF
THE UNITED STATES OF AMERICA;

CHARLIE CASSENS, AS A PERSON AND
CITIZEN OF THE UNITED STATES OF
AMERICA; AS INTERIM CITY MANAGER OF
LAKE HAVASU CITY;

PAUL LENKOWSKY, AS A PERSON AND
CITIZEN OF THE UNITED STATES OF
AMERICA; AS ATTORNEY FOR LAKE HAVASU
CITY;

DEAN BARLOW, AS A PERSON AND CITIZEN
OF THE UNITED STATES OF AMERICA; AS
MEMBER OF LAKE HAVASU CITY COUNCIL;

LEE BARNES, AS A PERSON AND CITIZEN
OF THE UNITED STATES OF AMERICA; AS
MEMBER OF LAKE HAVASU CITY
COUNCIL;

DONALD CALLAHAN, AS A PERSON AND
CITIZEN OF THE UNITED STATES OF
AMERICA; AS MEMBER OF LAKE HAVASU
CITY COUNCIL;

DAVID MC ATLIN, AS A PERSON AND
CITIZEN OF THE UNITED STATES OF
AMERICA; AS MEMBER OF LAKE HAVASU
CITY COUNCIL;

MARGARET NYBERG, AS A PERSON AND
CITIZEN OF THE UNITED STATES OF
AMERICA; AS MEMBER OF LAKE HAVASU
CITY COUNCIL;

BRIAN WEDEMEYER, AS A PERSON AND
CITIZEN OF THE UNITED STATES OF
AMERICA; AS MEMBER OF LAKE HAVASU
CITY COUNCIL;

ALL PERSONS WHO HAVE OR HAVE HAD
ADIMINISTRATIVE, EXECUTIVE OR JUDICIAL
AUTHORITY OF A STATE AND OR A
POLITICAL SUBDIVISION, AND WHO ARE
OWNERS AND/OR OPERATORS OF A SOURCE
OR SOURCES UNLAWFULLY DISCHARGING
POLLUTANTS, and DOES 15 through 100,
inclusive,

       Defendants.

-3-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

1

NOW COMES PLAINTIFFS, in opposition to Judge Dale A. Drozd ORDER of February 10,

2   2010 and to request for this Honorable Court to NOW recognize this SECOND AMEMDED

3   COMPLAINT herein as the OPERATIVE PLEADING pursuant to the Judge's ORDER of

4   December 14, 2009 which stated, "If plaintiff files and serves an amended complaint prior to 2/5/10,

5   defendant's motion [to dismiss] will be dropped from calendar and denied as moot.".  Plaintiff, as a

6   Private Attorney General and on behalf of all Plaintiffs herein above, filed an "amended complaint

7   prior to 2/5/10", therefore, the "original complaint" is moot and is unable to be "reinstated as

8   operative complaint".  Now, this Honorable Court, under the United States Constitution, will

9   recognize this SECOND AMENDED COMPLAINT as the OPERATIVE PLEADING in the interest

10  of the Citizens of the United States of America.

11

12

## INTRODUCTION

13

This is a complex action for *racketeer influenced corrupt organization* ("RICO") remedies

14  authorized by the federal statutes at 18 U.S.C. 1961 *et seq.*; for declaratory and injunctive relief; for

15  actual, consequential and exemplary damages; and for all other relief which this honorable United

16  States District Court deems just and proper under all circumstances which have occasioned this

17  Initial FIRST AMENDED COMPLAINT.  See 18 U.S.C. §§ 1964(a), (b) and (c).

18

19

The primary cause of this action is a widespread criminal *enterprise* engaged in a *pattern of*

20  *racketeering activity* across State lines, and a conspiracy to engage in *racketeering activity* involving

21  numerous RICO predicate acts during the past thirty-seven (37) calendar years.

22

23

The predicate acts alleged here cluster around criminal extortion, fraud, coeerision, peonage

24  and slavery.  See 18 U.S.C. §§ 2319, 2320, 1512, 1513, 2315, 1503, 1510, 1511 and 1581-1588

25  respectively.

26

27

28

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

Other RICO predicate acts, although *appearing* to be isolated events, were actually part of the overall conspiracy and *pattern of racketeering activity* alleged herein, *e.g.* mail fraud and bank fraud. See 18 U.S.C. §§ 1341 and 1344, respectively.

The primary objective of the racketeering *enterprise* has been to inflict severe and sustained economic hardship upon Plaintiffs and others, to include at a minimum all the Citizens of the United States of America, with the intent of impairing, obstructing, preventing and discouraging Plaintiffs from benefiting from their livelihood providing federally mandated via federal laws, plaintiff Dee Thomas Murphy's patented at-source pollutant control technology and from writing, publishing, investigating and conducting judicial activism as a qualified Private Attorney General.

## JURISDICTION

This Court has jurisdiction under 33 U.S.C § 1365(a) over violations of any effluent standard or limitation established pursuant to 33 U.S.C. Chapter 26 – Water Pollution Prevention and Control effective July 1, 1973 pursuant to 33 U.S.C § 1365(f). Jurisdiction in this action is additionally predicated upon 28 U.S.C. §§ 1331, 1345, and 2201, and 18 U.S.C. §§ 1964(a), (b) and (c).

## VENUE

Venue is proper in this district predicated upon 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b) and (e)(2) because the Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of the property that is the subject of the action is situated and additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure. Furthermore, the United States invokes the expanded service of process provisions of 18 U.S.C. § 1965(b).

## PARTIES

Plaintiff National Standards Enforcement Agency, having address at 1409 Kingsview Dr., Granite Shoals, Texas 78654, is a legal nonprofit unincorporated entity established under the laws of Texas and organized solely to administer enforcement of "The National Green Standards of Performance, Effluent

-5-

Limitation Guidelines, Categorical Pretreatment Standards & National Standards Regulations" in effect under United States Code Title 42 Chapter 55 – National Environmental Policy Act, the United States Code Title 33 Chapter 26 – Water Pollution Prevention and Control and United States Code Title 42 – The Public Health and Welfare, Chapter 133 – Pollution Prevention ("Federal Environmental Laws"), as the most strict Water Quality Standards (hereinafter the "National Green Standards of Performance"), providing for the greatest degree of effluent limitation and other limitation, effluent standard, prohibition, pretreatment standard and standard of performance respecting discharges of multi-media human origin at-source pollutants in the interest of public health and welfare, the preservation of State's waters, water quality and aquatic life and for the mitigation of human origin toxic pollutant discharges into such State's waters and human origin Greenhouse Gas emissions. Plaintiff, as a independent agency, has adopted the National Green Standards of Performance and provides enforcement on behalf of and jointly with Plaintiffs Licensees, pursuant to a Memorandum of Agreement with New Water for Peace, a non-profit 501(c)(3) Corporation ("Licensor"). Plaintiff Dee Thomas Murphy is an officer of the legal entity and has been appointed to receive all service and to represent the legal entity as he sees fit.

Plaintiff New Water Source Utilities-LHC, having an address of 1802 Combat Drive, Lake Havasu City, Arizona 86403, is the sole proprietorship of Plaintiff Dee Thomas Murphy and acting Private Attorney General in this case. New Water Source Utilities-LHC is established to provide at-source innovative alternative and / or pretreatment technology pursuant to requirements of federal law and in compliance with the standard and effluent limitations evaluated and then promulgated throughout all the States and territories of the United States of America, subject to such federal laws herein defined, by NSF International (aka National Sanitation Foundation) in March of 1995.

Plaintiff Dee Thomas Murphy, a Private Attorney General, having an address of 1802 Combat Drive, Lake Havasu City, Arizona 86403 and additionally holding a deed to a home in Los Osos, CA located within the State defined Prohibition Zone and having an address of 1408 Las Encinas, CA 93402, is an

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

interested person, a natural born Texan and a citizen of the State of California and the United States of America and is representing all Plaintiffs in this case as a Private Attorney General. Plaintiff is additionally a sole proprietor having a Lake Havasu City Business License #10-00020774 to conduct business providing a New Water Source Utility Service to all states of the United States to include the District of Columbia and most specifically, the citizens within the jurisdiction of the State of California and the political subdivision of Lake Havasu City, Arizona, to enable persons of the United States of America that are subject to Federal Environmental Laws to come into compliance with Federal Environmental Laws pursuant to the National Green Standards of Performance. Plaintiff has been a professional earning his livelihood in the waste management industry for over 37 years. Such a profession strictly relies on Federal Environmental Laws being successfully administered and enforced. Upon such laws NOT being administered and enforced, Plaintiff's livelihood is directly and negatively affected. Plaintiff is the inventor of the best available demonstrated pollutant technology (BADCT) for the control of pollutants and having over 40 National and International Patents pertaining to said technology being issued in his name. Said technology is the current best available technology which establishes the most strict effluent limitation, effluent standard and pretreatment standard as is defined in the National Green Standards of Performance.

Defendant, <u>Alexis Straus,</u> is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 75 Hawthorne Street, Mail Code WTR-1, San Francisco, California 94105. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is

-7-

NATIONAL STANDARDS ENFORCEMENT AGENCY

additionally a public official having authority in the State of California and is the Director of the Water Division of US EPA Region 9 having authority over all other Defendants herein and has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, Defendant acknowledged, witnessed by Obama's Administration Officials on the Ocean Policy Task Force at a public meeting in San Francisco on September 17, 2009, the United States Environmental Protection Agency does no recognize nor enforce the United States Code Title 33 Chapter 26 – Water Pollution Prevention and Control, a direct violation of their authority pursuant to 33 U.S.C § 1251(d) and thereby confirming the violations claimed by Plaintiffs and herein claimed against all Defendants herein named. Additionally, the Defendant defies her responsibility as a citizen of the United States of America and also her duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251(d) and 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily and is to be construed as impairing states waters. At times pertinent to this Complaint, the Defendant, in the capacity of authority as a US EPA Administrator has refused to recognize her obligation under her administrative authority to support such adoption and enforcement (Administer) of the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through its agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Arnold Schwarzenegger, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 1001 I. Street, P.O. Box 2815, Sacramento, California 95812-2815. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to

-8-

NATIONAL STANDARDS ENFORCEMENT AGENCY

a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is additionally a public official having authority in the State of California as the Governor of the State of California and as such has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defies his responsibility as a citizen of the United States of America and also his duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily and is to be construed as impairing states waters. At times pertinent to this Complaint, the Defendant, in the capacity of authority as Governor of the State of California has refused to recognize his obligation under his executive authority to support such adoption and enforcement (Administer) of the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through its agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Edmund G. Brown Jr., is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 1300 I. Street, P.O. Box 94425, Sacramento, California 94244-2550. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to

-9-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant, as Governor of the State of California during the years of 1974 thru 1982, having sworn a public oath to uphold the Constitution of the United States of America, and having had authority under 33 U.S.C § 1370 to adopt and enforce standards and effluent limitations, willfully and knowingly caused continuing unlawful toxic pollutant discharges from all source(s) within the State of California daily and is to be construed as impairing states waters.    Defendant is now acting in the capacity as a public official having authority in the State of California as the Attorney General for the State of California and as such has again sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant continues to defy his responsibility as a citizen of the United States of America, former Governor of the State of California and also his duty of care and authority as the State Attorney General to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily and is to be construed as impairing states waters.  Defendant is additionally insubordinate to his own proclamations and at times pertinent to this Complaint, the Defendant, in the capacity of authority as Attorney General for the State of California has refused to recognize his obligation under his judicial authority to support such adoption and enforcement the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through its agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

-10-

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

Defendant, <u>Mike Chrisman,</u> is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 1416 Ninth Street, Suite 1311, Sacramento, California 95814. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and is contributing to the degradation and poisoning of the States drinking waters and navigable waters' quality. Defendant is additionally a public official having authority in the State of California as the Secretary of Natural Resources in and of the State of California, of which Lake Havasu is a drinking water resource for the State of California, and as such has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defies his responsibility as a citizen of the United States of America and also his duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from his source(s) daily and is to be construed as impairing states waters. At times pertinent to this Complaint, the Defendant, in the capacity of authority as Secretary of Natural Resources of and for the State of California, has refused to recognize his obligation under his administrative authority to support the adoption and enforcement of the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through his agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct

-11-

NATIONAL STANDARDS ENFORCEMENT AGENCY

alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Bill Chiat, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 1215 K Street, Suite 1650, Sacramento, CA 95814. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and is contributing to the degradation and poisoning of the States drinking waters and navigable waters' quality. Defendant is additionally a public official having authority in the State of California as the Executive Director of the California Association of Local Agency Formation Commissions (CALAFCOs), independent agencies provided with the oversight authority of all special districts within the State of California, and as such has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defies his responsibility as a citizen of the United States of America and also his duty of care as a public representative to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from his source(s) daily and is to be construed as impairing states waters. The Defendant additionally confirmed to the San Luis Obispo Grand Jury that the only oversight of the CALAFCOs is the Court. The Defendant additionally boldly declared *"we never lose in court"*. At times pertinent to this Complaint, the Defendant, in the capacity of authority as Executive Director of the CALAFCOs, has refused to

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

recognize his obligation under his administrative authority to support the adoption and enforcement of the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through his agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Barry La Barbara, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 1050 Monterey Street, San Luis Obispo, California 93408-2500. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and is contributing to the degradation and poisoning of the States drinking waters and navigable waters' quality. Defendant is additionally a retired public official having authority in the State of California as a Superior Court Judge for the State of California and as such had sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defied his responsibility as a citizen of the United States of America and also breached his fiduciary duty as a Superior Court Judge to recognize and apply Federal Environmental Laws which require States and political subdivisions to adopt and enforce standards on behalf of the citizens of the State of California and the State of California pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 in the interest of public health and welfare of the Citizens of California and, now in his

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

capacity as a retired Superior Court of California Judge, continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from his source(s) daily and is to be construed as impairing states waters. At times pertinent to this Complaint, the Defendant, in the capacity of authority as a Superior Court Judge for the State of California, refused to recognize his obligation under his judicial authority to apply Federal Environmental Laws, recognize the Governor's Executive Orders regarding water conservation and greenhouse gas emission reduction, Emergency Proclamation of Water Shortage, State of California Cease and Desist (of pollutant discharges) Orders and refused to support the adoption and enforcement of the most strict effluent limitations and standards in his jurisdiction and is individually complicit in violation of Federal Environmental Laws and through his agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Bruce Gibson, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 1410 Cottontail Creek Rd, Cayucos, CA 93430. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and is contributing to the degradation and poisoning of the States drinking waters and navigable waters' quality. Defendant is additionally a public official having authority in the State of

-14-

NATIONAL STANDARDS ENFORCEMENT AGENCY

California as the Supervisor of the 2nd District of the San Luis Obispo County of the State of California, the District which Los Osos, California is within, and as such has sworn a public oath to uphold the Constitution of the United States of America. The Defendant additionally serves as a Member of the Board of the San Luis Obispo County's CALAFCO. Despite any of that, the Defendant defies his responsibility as a citizen of the United States of America and also his duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from his source(s) and within his 2nd District of San Luis Obispo County's Jurisdiction daily and is to be construed as impairing states waters. At times pertinent to this Complaint, the Defendant, in his official capacity of authority as Supervisor of the 2nd District of San Luis Obispo County, CA CALAFCO and having oversight of the Los Osos Community Services District that has been the subject of a prohibition zone requiring all of its residents to cease all discharges of toxic pollutants now for over 30 years and is additionally under several individual State of California issued Cease and Desist Orders now for over the past 10 years, has refused to recognize his obligation under his administrative authority to support the adoption and enforcement of the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through his agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Lisa Schicker, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 1543 Eighth Street, Los Osos, CA 93402. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and is contributing to the degradation and poisoning of the States drinking waters and navigable waters' quality. Defendant is additionally the former President and Director of the Los Osos Community Services District and as such has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defies her responsibility as a citizen of the United States of America and also defied her duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from her source(s) within the Prohibition Zone of Los Osos, CA daily and is to be construed as impairing states waters. At times pertinent to this Complaint, the Defendant, in her past official capacity of authority as the President and Director of the Los Osos Community Services District, the subject of a Prohibition Zone requiring all of its residents to cease all discharges of toxic pollutants now for over 30 years and which is additionally under several individual State of California issued Cease and Desist Orders now for over the past 10 years, has refused to recognize her obligation under her administrative authority to support the adoption and enforcement of the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through her agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Janet Napolitano, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the District of Columbia and having an address of: Department of Homeland

-16-

Security, U.S. Department of Homeland Security, Washington, DC 20528. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and to States drinking water and navigable waters' quality and homeland security. Defendant is additionally a public official having federal administrative authority in the District of Columbia and is the United States Secretary for Homeland Security and as such has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defies her responsibility as a citizen of the United States of America and also her duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251(d) and 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily and is to be construed as impairing states waters. At times pertinent to this Complaint, the Defendant, in her previous capacity as Attorney General for the State of Arizona abused her judicial powers and defied adoption and enforcement of standards. The Defendant, in her most recent previous capacity as Governor of the State of Arizona abused her executive powers, joined with the political subdivision of Lake Havasu City to initiate legal action against one of her citizens to force them to remove technology from their property (source) that was reclaiming 100% of all the household water used and which was serving that consumer's beneficial reuse applications. As Governor of the State of Arizona, Defendant attempted to have that citizen thrown into jail under a misdemeanor charge for that citizen refusing to remove the Reclamator technology from her

-17-

property and connect to a public sewer to "waste" her water and pay sewer user fees in direct

violation of Federal Environmental Laws. Defendant, in her most recent capacity of authority as a the

United States Secretary for Homeland Security has refused to recognize her obligation under her federal

administrative authority to support the State's and political subdivisions adoption and enforcement of the

most strict effluent limitations and standards, in the interest of homeland security, to require at-source

sustainable alternative new water sources in the interest of the Citizens of the United States in case of a

National disaster and is individually complicit in violation of Federal Environmental Laws and

through her agents, materially participated in the Enterprise, and materially participated, conspired,

assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the

unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate

commerce in the United States, including the District of Columbia.

Defendant, Charlie Cassens, is a person who owns and operates a source, as a minimum a home,

within the jurisdiction of the State of California and having an address of: 2330 McCulloch Blvd. N., Lake

Havasu City, Arizona 86403. Defendant is unlawfully discharging human origin multi-media at-source toxic

pollutants from Defendant's source(s) absent of required application of the federally required best currently

available at-source control and containment technology for such pollutants consistent with the requirements of

Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint

source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful

underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law

known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and

Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C §

1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing

threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is

additionally a public official having authority as interim City Manager (executive authority) of the political

subdivision of Lake Havasu City, Arizona and as such has sworn a public oath to uphold the Constitution of

the United States of America. Despite any of that, the Defendant defies his responsibility as a citizen of the

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

NATIONAL STANDARDS ENFORCEMENT AGENCY

United States of America and also abuses his authority and his duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily and is to be construed as impairing states waters. At times pertinent to this Complaint, the Defendant, in the capacity of authority as spokes person for the City of Lake Havasu and now in his capacity as interim City Manager continues to abuse his executive authority and refuses to recognize his obligation under such executive authority to adopt and require enforcement the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through his agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, <u>Paul Lenkowsky</u>, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of the State of California and having an address of: 1181 Hancock Road, Bullhead City, Arizona 86442. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing felony violations pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is additionally a public official having authority in the political subdivision of Lake Havasu City as the Lake

-19-

Havasu City Attorney and as such has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant abuses his obligations under his authority and defies his responsibility as a citizen of the United States of America and also his duty of care as a public official to adopt and enforce standards pursuant to Defendant's authority under 33 U.S.C § 1251 et seq. and specifically under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily and is to be construed as impairing states waters. Defendant has committed unethical acts against at least one citizen of Lake Havasu City, causing such citizen to lose her appeal in Court to have technology that reclaimed all her household water used to a 100% indirect potable water reuse quality by lying on his Statement of Facts on her appeal and at times pertinent to this Complaint, the Defendant, in the capacity of judicial authority as the City Attorney of Lake Havasu City continues to refuse to recognize his obligation under his judicial authority to advise Lake Havasu City to adopt and enforce the most strict effluent limitations and standards and is individually complicit in violation of Federal Environmental Laws and through his agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, <u>Dean Barlow,</u> is a person who owns and operates a source, as a minimum a home, within the jurisdiction of Lake Havasu City, Arizona having an address of: 4140 Bison Blvd., Lake Havasu City, Arizona 86404. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable

-20-

Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a).

Defendant is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is causing threats to

public health and welfare and to States drinking water and navigable waters' quality. Defendant is

additionally a public official having authority in the State of Arizona's political subdivision known as Lake

Havasu City and is a member of several civic organizations and the Lake Havasu City Council and, as such,

has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the

Defendant defies its responsibility as a citizen of the United States of America and also its duty of care as a

public official to support the adoption and enforcement of standards pursuant to Defendant's authority under

33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant

discharges from Defendant's source(s) daily. At times pertinent to this Complaint, the Defendant, in the

capacity of authority as a council member of a political subdivision has refused to recognize his obligation

under his administrative authority to adopt and enforce the most strict effluent limitations and standards and

has individually been complicit in violation of Federal Environmental Laws and through his agents,

materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged,

and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and

fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United

States, including the District of Columbia.

Defendant, Lee Barnes, is a person who owns and operates a source, as a minimum a home, within

the jurisdiction of Lake Havasu City, Arizona having an address of: 2385 Cosnina, Lake Havasu City,

Arizona 86403. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants

from Defendant's source(s) absent of required application of the federally required best currently available at-

source control and containment technology for such pollutants consistent with the requirements of Federal

Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of

pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground

excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the

Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and Navigable

-21-

NATIONAL STANDARDS ENFORCEMENT AGENCY

Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is additionally a public official having authority in the State of Arizona's political subdivision known as Lake Havasu City and is a member of several civic organizations and the Lake Havasu City Council and, as such, has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defies its responsibility as a citizen of the United States of America and also its duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily. At times pertinent to this Complaint, the Defendant, in the capacity of administrative authority as a council member of a political subdivision has refused to recognize his obligation under his administrative authority to adopt and enforce the most strict effluent limitations and standards and has individually been complicit in violation of Federal Environmental Laws and through his agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Donald Callahan, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of Lake Havasu City, Arizona having an address of: 3721 Lost Dutchman Dr., Lake Havasu City, Arizona 86406. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and

-22-

NATIONAL STANDARDS ENFORCEMENT AGENCY

Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C §

1311(a). Defendant is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is causing

threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is

additionally a public official having authority in the State of Arizona's political subdivision known as Lake

Havasu City and is a member of several civic organizations and the Lake Havasu City Council and, as such,

has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the

Defendant defies its responsibility as a citizen of the United States of America and also its duty of care as a

public official to support the adoption and enforcement of standards pursuant to Defendant's authority under

33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant

discharges from Defendant's source(s) daily. At times pertinent to this Complaint, the Defendant, in the

capacity of administrative authority as a council member of a political subdivision has refused to recognize

his obligation under his administrative authority to adopt and enforce the most strict effluent limitations and

standards and is individually complicit in violation of Federal Environmental Laws and through his

agents, materially participated in the Enterprise, and materially participated, conspired, assisted,

encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful,

misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce

in the United States, including the District of Columbia.

Defendant, David McAtlin, is a person who owns and operates a source, as a minimum a home,

within the jurisdiction of Lake Havasu City, Arizona having an address of: 2885 Swanee Lane, Lake Havasu

City, Arizona 86403. Defendant is unlawfully discharging human origin multi-media at-source toxic

pollutants from Defendant's source(s) absent of required application of the federally required best currently

available at-source control and containment technology for such pollutants consistent with the requirements of

Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint

source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful

underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law

known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and

-23-

NATIONAL STANDARDS ENFORCEMENT AGENCY

Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C §
1311(a). Defendant is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is causing
threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is
additionally a public official having authority in the State of Arizona's political subdivision known as Lake
Havasu City and is a member of several civic organizations and the Lake Havasu City Council and, as such,
has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the
Defendant defies its responsibility as a citizen of the United States of America and also its duty of care as a
public official to support the adoption and enforcement of standards pursuant to Defendant's authority under
33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant
discharges from Defendant's source(s) daily. At times pertinent to this Complaint, the Defendant, in the
capacity of administrative authority as a council member of a political subdivision has refused to recognize
his obligation under his administrative authority adopt and enforce the most strict effluent limitations and
standards and has individually complicit in violation of Federal Environmental Laws and through his
agents, materially participated in the Enterprise, and materially participated, conspired, assisted,
encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful,
misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce
in the United States, including the District of Columbia.

Defendant, Margaret Nyberg, is a person who owns and operates a source, as a minimum a home,
within the jurisdiction of Lake Havasu City, Arizona having an address of: 2500 Avalon Ln., Lake Havasu
City, Arizona 86403. Defendant is unlawfully discharging human origin multi-media at-source toxic
pollutants from Defendant's source(s) absent of required application of the federally required best currently
available at-source control and containment technology for such pollutants consistent with the requirements of
Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint
source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful
underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law
known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and

-24-

NATIONAL STANDARDS ENFORCEMENT AGENCY

Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is additionally a public official having authority in the State of Arizona's political subdivision known as Lake Havasu City and is a member of several civic organizations and the Lake Havasu City Council and, as such, has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defies its responsibility as a citizen of the United States of America and also its duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily. At times pertinent to this Complaint, the Defendant, in the capacity of administrative authority as a council member of a political subdivision has refused to recognize her obligation under her administrative authority to adopt and enforce the most strict effluent limitations and standard and is individually complicit in violation of Federal Environmental Laws and through her agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

Defendant, Brian Wedemeyer, is a person who owns and operates a source, as a minimum a home, within the jurisdiction of Lake Havasu City, Arizona having an address of: 1930 Mesquite Avenue, Lake Havasu City, Arizona 86403. Defendant is unlawfully discharging human origin multi-media at-source toxic pollutants from Defendant's source(s) absent of required application of the federally required best currently available at-source control and containment technology for such pollutants consistent with the requirements of Federal Environmental Laws prior to discharging such pollutants causing and contributing to a nonpoint source of pollution, either a publicly owned treatment works ("public sewer") or into an unlawful underground excavation ("septic system") in violation of, at a minimum, the Federal Environmental Law known as the Clean Water Act of 1972 adopted into law as United States Code Title 33 – Navigation and

-25-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

Navigable Waters, Chapter 26 – Water Pollution Prevention and Control and more specifically 33 U.S.C § 1311(a). Defendant is committing a felony violation pursuant to 33 U.S.C § 1365(f) and is causing threats to public health and welfare and to States drinking water and navigable waters' quality. Defendant is additionally a public official having authority in the State of Arizona's political subdivision known as Lake Havasu City and is a member of several civic organizations and the Lake Havasu City Council and, as such, has sworn a public oath to uphold the Constitution of the United States of America. Despite any of that, the Defendant defies its responsibility as a citizen of the United States of America and also its duty of care as a public official to support the adoption and enforcement of standards pursuant to Defendant's authority under 33 U.S.C § 1370 and continues to willfully and knowingly cause continuing unlawful toxic pollutant discharges from Defendant's source(s) daily. At times pertinent to this Complaint, the Defendant, in the capacity of administrative authority as a council member of a political subdivision has refused to recognize her obligation under his administrative authority to adopt and enforce the most strict effluent limitations and standard and is individually complicit in violation of Federal Environmental Laws and through his agents, materially participated in the Enterprise, and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading, and fraudulent conduct alleged herein, and has affected foreign and interstate commerce in the United States, including the District of Columbia.

## FACTS

Plaintiffs bring a "private" Green Environmental Improvement Program under 33 U.S.C § 1251 et seq., a GOING GREEN ECONOMIC STIMULUS PROJECT, to all States of the United States of America to include the District of Columbia.

Plaintiff has arranged to receive non-government grant funds for the Going Green projects due to its Green environmental improvement benefits to be realized by the Community. The primary benefits to a Community to be realized by the Green Project are:

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

NATIONAL STANDARDS ENFORCEMENT AGENCY

- 100% of all household (and commercial) sewage flows will be transformed to a pure potable water quality which achieves the National Green Standards of Performance, a standard MORE strict that the U.S. EPA Drinking Water Standards at-source.

- The Green Project creates thousands of "green-collar" jobs. There will be ongoing operation and maintenance Green Collar Service positions to be filled upon completion of each project.

- The local economies and businesses will greatly benefit from the "GREEN STIMULUS" Projects, stimulating the Nation's economy for years to come with billions of dollars of grants coming into communities Nation wide.

- The New Water Source Utilities will eliminate "wasting" of all water used throughout the Nation.

- The New Water Source Utilities will contain and eliminate ALL discharges of ALL pollutants at each point source of discharge. No TOXIC pollutants such as NITRATES and ENDOCRINE DISRUPTORS will ever again leave their source.

- The New Water Source Utilities eliminates all "sewage sludge".

- The New Water Source Utilities eliminates "sewage flows", thereby eliminating the need for a public sewer and the associated energy, i.e. Greenhouse Gas (GHG) emissions, associated with a public sewers and public sewer operations.

- The New Water Source Utilities eliminates the "human origin" GHG emissions that are associated with septic systems and public sewers, i.e. nonpoint sources of pollution subject to required control. GHG emissions generated by a single human per day from septic systems and public sewers is equivalent or greater than the GHG emissions produced by the same person's car each day.

- The New Water Source Utilities enables States and political subdivisions to comply with the at-source pollutant elimination and control requirements of the Clean Water Act of 1972 and other Federal Environmental Laws in the interest of the public and the environment.

-27-

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

- The Green Project will provide a method for States and political subdivisions to comply with the federal laws by requiring at-source innovative and alternative technology that will reclaim and recycle 100% of all water at each source to serve the original consumer's beneficial reuse applications. If a State or political subdivision's administration had adopted and agreed to enforce effluent limitations and standards pursuant to their executive, administrative and judicial authorities and consequently complied with the alternative and/or pretreatment requirements pursuant to the Federal Environmental Laws, they can apply for federal financial assistance (federal grants) to construct the sustainable alternative new water source projects. The authorities have a "nondiscretionary" duty to adopt and to implement this Green Environmental Improvement Project in the interest of their citizen's public health and welfare and in the interest of preservation and conservation of the City's drinking water resources.

Now, all Defendants, among other activities they have undertaken to serve the people of our Nation, do serve in executive, administrative and judicial positions of authority and have a fiduciary duty, a strict liability and duty of care to act on issues that are in the best interest of the people of their Nation, State or political subdivisions ("jurisdictions").

Defendants, having authority under the laws of the United States of America, have refused to recognize and apply the Federal Environmental Laws, the Green Standards and continue to recognize the lawful need for the State and City administration and its individual Citizens to act in a lawful manner in compliance with the at-source control requirements under United States Code Title 33 Chapter 26 § 1311(a) and which is defined as an unlawful act pursuant to United States Code Title 33 Chapter 26 § 1365(f) not to comply.

If Defendants had required and assisted in implementation of the Going Green Projects within their jurisdictions, GREEN GRANT STIMULUS funds would be provided to cover ALL costs of providing the federally mandated compliance measures for all persons obligated under federal law as a person, to implement such federally mandated at-source compliance measures. Consequently, by the authorities not acting in compliance to administer the Federal Environmental

-28-

Laws, their citizens will be construed as violating United States Code Title 33 Chapter 26 § 1311(a) pursuant to United States Code Title 33 Chapter 26 § 1365(f) and be subject to action such as this taken against the Defendants.

Now that the Defendants refuse to adopt and enforce effluent limitations and standards pursuant to United States Code Title 33 Chapter 26 §§ 1251 and 1370, the citizens continue violating federal law and poisoning our drinking water resources by generating unlawful discharges. The persons will be held personally AND economically liable for the economic burden placed upon them, as the result of the authority's omission to adopt promulgate and enforce standards and be personally obligated to bear the economic burden of approximately $25,000 dollars per dwelling unit equivalent, i.e. single family home. This will be yet another act of extortion by the Authorities committed toward its citizens, the individual people unlawfully discharging and subject to compliance with federal law, as such Federal Environmental Laws provide for federal and state financial assistance to cover such construction costs.

If authorities adopt the Resolution to "adopt and enforce" the National Green Standards of Performance in compliance with United States Code Title 33 Chapter 26 § 1281 and opted to require and assist in GREEN PROJECT developments with Plaintiffs, the terms for acquiring the GREEN GRANT STIMULUS funds will be met and the GREEN STIMULUS PROJECT will be funded.

However, the Defendants, as authorities, refuses to recognize federal environmental laws. The Defendant's unlawful actions gravely affect the livelihood of most all citizens of the United States including the Plaintiffs.

This action is taken as the last measure of enforcement against environmental terrorism as defined in The National Green Standards of Performance, Effluent Limitation Guidelines, Categorical Pretreatment Standards & National Standards Regulations, the new Water Quality Standards established pursuant to the United States Congressional Declaration of Purpose defined in United States Code Title 33 Chapter 26 § 1281.

This action is initiated in the interest of achieving the National goal of the Clean Water Act of 1972, to eliminate all discharges of all pollutants at-source. Objectives as defined in United States

NATIONAL STANDARDS ENFORCEMENT AGENCY

Code Title 33 Chapter 26 – Pollution Prevention and Control that are required in order to achieve the National goal of the Clean Water Act of 1972, are:

1) to eliminate all discharges of all pollutants where possible

2) to contain all pollutants at each source so as to prevent them from migrating to cause water and other environmental pollution

3) to recycle and reuse the water to reduce sewage flows and associated sewer user fees

4) to reduce the demand on public drinking water supplies

5) eliminate all discharges into navigable waters by 1985

6) provide for federal financial assistance (federal grants) to achieve the goals of the Clean Water Act, such goal to eliminate all discharges of all pollutants utilizing innovative technology at the source

7) control all nonpoint sources by controlling both point sources and nonpoint sources, i.e. eliminate pollution at the source so as it does not contribute to nonpoint sources, i.e. public sewers and septic systems.

8) to establish sustainable alternative new water sources

9) to eliminate all wasting of water through implementing facilities for recycle and reuse

10) to eliminate all nonpoint sources of pollution such as public sewers and septic systems.

In order for these objectives to be achieved, this United States District Court must apply the law and require these Defendants to comply with such federal laws and cease all discharges [from their property(ies) and all person's properties] of all multi-media pollutants to air, water and land in compliance with the nondiscretionary requirements of the Federal Environmental Laws. The most desirable method is that each individual person (as the owner and or operator of such source) agrees to comply with the laws and choose to assume responsibility for the control of his or her own pollutants produced at their source, but realistically that just isn't going to happen without some method of persuasion.

It is common that most people don't like spending money to manage their own "waste" if they don't have to, thus the reason for the United States Congress to design the plan for which the requirement for Pollution Prevention and Control could be achieved in the interest the public, public

-30-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

health and welfare and our resources by political subdivisions requiring and assisting in the development of such projects and make applications as provided for by policy of the Clean Water Act of 1972 under United States Code Title 33 Chapter 26 § 1251(a)(4) to acquire the federal financial assistance (federal grants) to construct these sustainable alternative water source projects.

The Clean Water Act of 1972 requires, pursuant to United States Code Title 33 Chapter 26 § 1370, that all State and political subdivision authorities representing the public, such as the President of the United States, the US EPA, State Governors, state pollution control agencies, political subdivision councils, etc., "adopt" and "enforce" the most strict standards to administer within their jurisdictional sphere of influence, i.e. boundaries of nation, state, county, city and all legal parcels, such parcel have a source of pollutants. A source is any parcel having a legal description and under the specific influence of any State, political entity or private person, such source being a source of a pollutant or a source of pollutants.

Alternatively, if authorities fails to act under their fiduciary duty in compliance with United States Code Title 33 Chapter 26 § 1370, every person, including the Defendants as persons, are still individually subject to compliance under the requirements of the federal laws pursuant to United States Code Title 33 Chapter 26 § 1311(a) and in the interest of public health and welfare and for the protection and preservation of our Nation's waters, such as all navigable waters, ground waters, underground waters, surface waters and any other fresh drinking water supplies, and the ocean. Otherwise, such persons are to be construed as impairing states waters as defined in United States Code Title 33 Chapter 26 § 1370 and be subject to enforcement actions pursuant to United States Code Title 33 Chapter 26 § 1319. The Defendants are all complicit with acting in violation of United States Code Title 33 Chapter 26 § 1370 and are to be construed by this United States District Court as impairing state's waters.

### Background

This required action is taken as a direct result of failed governance at all levels of the United States of America refusing to recognize their nondiscretionary obligation to administer toward the achievement of the objectives of the Federal Water Law referred to as the "Chapter", i.e. Title 33 Chapter 26 – Water Pollution Prevention and Control (aka "Clean Water Act of 1972") pursuant to

NATIONAL STANDARDS ENFORCEMENT AGENCY

the Congressional Declaration of Purpose as prescribed in such Chapter but rather such governances choosing to conspire together, in their interest of their own unlawful economic benefits, to execute the most fantastic RICO conspiracy ever to be committed in the history of mankind.   The government entities, i.e. federal, state and local, complicit with the RICO conspiracy are to be held directly responsible for knowingly causing the most damage to public health, their welfare, and damage to the physical, chemical and biological integrity of our Nation's waters to include our oceans and to the environment at large by this honorable United States District Court.

Our governances, i.e. authorities, at all levels, federal, state and political local ("political subdivisions") were established to administer, i.e. regulate, the Chapter in the interest of the public in general and specifically to the benefit of the public health and welfare that is to result from compliance by authorities with the requirements of the Chapter in order to achieve the objectives of the Chapter.   Such authorities have not only failed miserably, but all levels the authorities do blatantly and knowingly refuse to consider compliance or the interest of the public health and welfare and the requirements to restore and preserve the physical, biological and chemical integrity of our Nation's waters.

These claims are not theory, but fact.  The purpose of the formation of the independent agency known as the USEPA and commissioned via agreement in 1970 by President Nixon to was, as far as their misrepresentation to the public, was supposedly to administer the United States Federal Environmental Laws.  However, it was really for the purpose of "hijacking" the Clean Water Act scheduled to be adopted into law in 1972 by Congress. This is a commonly known fact by most all stakeholders in the wastewater industry that were around during that time.  The reasoning was to maintain "status quo" to keep the economic benefits realized by the wastewater management institution from "big pipe" waste management practices, i.e. revenue realized by publicly owned treatment works ("public sewers") projects, being received by the current (pre 1972) wastewater industry stakeholders, i.e. engineering firms, equipment suppliers, States and state regulatory authorities, political subdivisions and public works departments and the special interest groups, etc. Such economic benefits that would surely cease upon the Clean Water Act's adoption by the United States Congress in 1972 into United States Code and upon it's administrative enforcement pursuant

-32-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

1  to its Congressional purpose and intent. The United States Code Title 33 Chapter 26, upon proper

2  adoption, administration and enforcement, meant the eventual end of institutionalized wastewater

   management practices generating revenue for such authorities.

3      The Clean Water Act required at-source control of all point sources of pollutants, even before

4  any property / source was to discharge into a public sewer. The new "nip-it-in-the-bud" approach

5  that would result from adoption of the Clean Water Act requiring at-source control meant there

6  would no longer be any legal justification to create a revenue stream from sewer projects and sewer

7  use fees because sewer user would become a thing of the past because all waste management would

8  be provided by innovative alternatives or innovative pretreatment control technologies located at-

9  source and the services to eliminate all discharges of all pollutants and sewage flows would be

10  provided by private businesses and not public entities.

11      After July 1, 1973, a "sewer user" was to become only a thing associated with past

12  wastewater management practices. At-source control meant there would no longer be any

13  justification to charge people to take such people's reclaimed water, i.e. effluent (produced by an

14  innovative pretreatment alternative) anymore as all States had laws in place that clarified reclaimed

15  water, such from an at-source control technology, is a resource of value. Consequently, reclaimed

16  water is subject to be purchased if taken by any third party, to include political subdivisions.

17  Administering of the Clean Water Act would preclude public entities form taking literally billions of

18  gallons of water each day form individual sources to serve their own benefits, economic and

19  otherwise.

20      At-source control meant there would no longer be any legal justification to create a revenue

21  stream from public sewer expansion projects for the big pipe stakeholders as all control of sewage

22  flows would occur at each source to provide for recycle and reuse of reclaimed water to serve the

23  benefit of the original consumer and owner / operator of the source and to thereby reduce the

24  demand on public water supplies. The pre-Clean Water Act wastewater management industry

25  practices, practices that were to change upon the adoption of the Clean Water Act of 1972, had

26  become "big business" for industry stakeholders and government at all levels. Local governments

27

28

-33-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

had come to rely on wastewater related revenue to provide for up to 50% of their annual operating budgets.

If the Clean Water Act, upon its adoption into U.S. Code by the United States Congress in 1973 was to be administered in order to achieve its objectives, all control of pollutants (sewage / pollution) would be accomplished at-source, i.e. private property, by private enterprise.

All previously related stakeholders and government entities who had economically thrived for decades on this big pipe industry would realize their destiny of virtual demise.

All the waste management practice business benefits being realized by the big pipe stakeholders (prior to adoption of the Clean Water Act of 1972), upon adoption of the Clean Water Act of 1972 into law by the United States Congress, was to be transferred over to the private enterprises who offered the best available demonstrated control technology ("BADCT"). Such at-source BADCT technology that would, where possible, achieves a standard that would eliminate all discharges of all pollutants, the National Goal as defined pursuant to 33 U.S.C §§ 1316 and 1311(k).

Recent public confirmation and acknowledgment to the knowing governance corrupt RICO activities and in regard to the U.S. EPA administering, i.e. require states and political subdivisions to adopt and enforce, the Federal Water Laws pursuant to the United States Code Title 33 Chapter 26 was confirmed by Defendant Alexis Strauss, Director, Water Division, U.S. EPA Region 9, Pacific Southwest, at a Conference in San Francisco on September 17, 2009 when she admittedly confirmed that the U.S. EPA does not recognize nor enforce the laws of United States Code Title 33 Chapter 26. Defendant Strauss had on May 27, 2009 submitted testimony to the contrary (See Attachment No. 1). Less than 30 days following that Conference [where Defendant Dee Thomas Murphy accused the US EPA and States of being Environmental Terrorist], the U.S. EPA issued a press release titled "EPA Administrator Announces Plan to Retool and Reinvigorate Clean Water Enforcement Program" (See Attachment No. 2). Such a confession of such a federal violation by an administrator should be immediately handled by the United States Attorney General initiating the appropriate actions against all responsible for knowingly committing an act of "Environmental Terrorism" as defined in the National Green Standards of Performance, violating a statutory directive to administer the Chapter pursuant to 33 U.S.C § 1251(d). The U.S. EPA Director Strauss'

-34-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

acknowledgement was witnessed by President Obama's Task Force Team for Ocean Policy, one member being Peter S. Silva, Assistant Administrator for Water, U.S. Environmental Protection Agency.   Following that Conference, on October 15, 2009, a news release entitled "EPA Administrator Announces Plan to Retool and Reinvigorate Clean Water Enforcement Program" further confirmed the acknowledgement of the governance negligence with regard to enforcement of the Federal Water Laws nationally. Every "discharge permit" or "building permit" issued post July 1, 1973 is a violation of Federal Water Laws and most specifically 33 U.S.C § 1365(f).

The United States Congress, with the development and upon adoption of the Clean Water Act of 1972, intended the governance at all federal, state and political subdivision levels [for each "person" to], in the interest of the public health and welfare, cease all discharges of any pollutants except as provided for pursuant to 33 U.S.C § 1311(a) which states:

**(a) Illegality of pollutant discharges except in compliance with law**
Except as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful.

This "peoples law", i.e. the United States Code Title 33 Chapter 26 ("Chapter") was assigned by the United States Congress pursuant to their adoption of the Clean Water Act of 1972 as the United States Code Title 33 Chapter 26 to be administered by the United States Environmental Protection Agency pursuant to statute 33 U.S.C § 1251(d), which states:

**(d) Administrator of Environmental Protection Agency to administer chapter**
Except as otherwise expressly provided in this chapter, the Administrator of the Environmental Protection Agency (hereinafter in this chapter called "Administrator") shall administer this chapter.

The Chapter assigned to the USEPA to administer requires that "any person", i.e. the owner(s) and or operator(s) of any source (at a minimum, a building having a toilet) of a discharge of a pollutant or a discharge of pollutants (includes all pollutants, toxic and otherwise) act to eliminate all point sources of discharges of "any pollutant" at each individual "person's" residential, nonresidential, industrial and to include all municipal point sources of discharge at each such source or point source of discharge of any pollutant by required implementation of the best available

NATIONAL STANDARDS ENFORCEMENT AGENCY

demonstrated "at-source" control technology beginning on July 1, 1973 which would be construed to

be an unlawful act if such "person(s)" failed to comply pursuant to 33 U.S.C § 1365(f) which states:

**(f) Effluent standard or limitation**
For purposes of this section, the term "effluent standard or limitation under this chapter" means
**(1)** effective July 1, 1973, an unlawful act under subsection (a) of section 1311 of this title;
**(2)** an effluent limitation or other limitation under section 1311 or 1312 of this title;
**(3)** standard of performance under section 1316 of this title;
**(4)** prohibition, effluent standard or pretreatment standards under section 1317 of this title;
**(5)** certification under section 1341 of this title;
**(6)** a permit or condition thereof issued under section 1342 of this title, which is in effect under this chapter (including a requirement applicable by reason of section 1323 of this title); or
**(7)** a regulation under section 1345 (d) of this title,.[1]

Beginning July 1, 1973 pursuant to 33 U.S.C § 1365(f), it became unlawful for States and political subdivisions, under authority vested in them pursuant to 33 U.S.C § 1370 – State Authority, to NOT adopt and enforce the most strict effluent standard or effluent limitation respecting discharges of multi-media pollutants and to adopt and enforce any requirement respecting control and abatement of all at-source pollutant discharges throughout their jurisdiction. Upon a political subdivision's failure to act in conformance with requirements pursuant to 33 U.S.C § 1370 means such state administrative authorities are to be construed as impairing or in any manner affecting any right or jurisdiction of the States with respect to the waters (including boundary waters) of such States and such unlawful act by such a public servant subject to a duty of care and having a strict liability shall be considered as a knowing endangerment violation subject to enforcement action pursuant to United States Code Title 33 Chapter 26 § 1319(c)(3)(A). The National Green Standards of Performance identifies such a felony violation as "Environmental Terrorism".

Administration of the Chapter begins with the U.S. EPA. Adoption and enforcement of the requirements of the Chapter begins with a political subdivision's council. All the powers of the City and the determination of all matters of policy shall be invested in Council. The City Council may, by ordinance or resolution, prescribe the manner in which any power of said City shall be exercised.

In assessment of this omission on the part of any member of a City Council, to reject a resolution to adopt and provide enforcement of the most strict effluent standard or effluent limitation respecting discharges of multi-media pollutants and to adopt and enforce any requirement respecting

-36-

control and abatement of all at-source pollutant discharges throughout their jurisdiction is done so in violation of their authority under 33 U.S.C § 1370. Upon a member of a City Council's failure to act in conformance with their authority vested in them under 33 U.S.C § 1370 means that political subdivision's administrative authority, as an individual, is to be construed as impairing or in any manner affecting any right or jurisdiction of the States with respect to the waters (including boundary waters) of such States and such unlawful act by such an authority subject to its duty of care and having a strict liability shall be considered as a knowing endangerment violation known to cause endangerment to public health and even resulting in death and is subject to enforcement action pursuant to United States Code Title 33 Chapter 26 § 1319(c) suitable for such misconduct. The National Green Standards of Performance identifies such a person who commits such violations of federal environmental laws as an "Environmental Terrorist". These activities of 37 years are additionally the result of all the Defendants acting in knowing violation of the R.I.C.O. Act of 1970.

## FIRST CAUSE OF ACTION

### (Fraud – Concealment, Fraudulent Misrepresentation and Nondisclosure Against All Defendants and DOES 15 through 100, inclusively)

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants refuse to acknowledge and are hiding the fact that they and all persons within their jurisdictions are currently discharging toxic pollutants from their sources in violation of 33 U.S.C § 1311(a).

Defendants refuse to acknowledge and are hiding the fact that they and all persons within their jurisdictions are currently discharging toxic pollutants from their source, such pollutants to be identified as, but not limited to, those pollutants, or combinations of pollutants, including disease-causing agents (viruses), which after discharge and upon exposure, ingestion, inhalation or assimilation into any organism, either directly from the environment or indirectly by ingestion through food chains, will cause death, disease, behavioral abnormalities, cancer, genetic mutations, physiological malfunctions (including malfunctions in reproduction) or physical deformations, in such organisms or their offspring. Examples of the "toxic pollutants" from Defendant's source are:

-37-

NATIONAL STANDARDS ENFORCEMENT AGENCY

- Nitrosamine precursors, i.e. ammonia, nitrite and nitrate

- Pharmaceuticals and personal home care products

- Disease carrying pathogens

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty Against All Defendants and DOES 15 through 100, inclusively)

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants owe fiduciary duties to Plaintiffs and all other Citizens within their jurisdictions to cease and cause to cease unlawful discharges of toxic pollutants causing threats to public health, public welfare and ultimately to the Community's public drinking water supplies in direct violation of 33 U.S.C § 1311(a).

Defendants owe fiduciary duties to the Plaintiffs and additionally the Citizens within their jurisdictions to confess to their acts of the felony violations and take immediate action to as expediently as practicable come into compliance with the requirements of federal laws to contain all toxic pollutants at their source so as to prevent them form migrating to cause water and other environmental pollution.

Defendants owe fiduciary duties to Plaintiffs and to all people of the world to stop all discharges of toxic and deadly Greenhouse Gas emissions that are emitting from their unlawful sewage management systems, i.e. public sewers and septic systems.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (Violation of Public Trust Against All Defendant and DOES 15 through 100, inclusively)

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

-38-

NATIONAL STANDARDS ENFORCEMENT AGENCY

Defendants are violating public trust of the Plaintiffs and the Citizens of the Community by refusing to support an environmental improvement GREEN STIMULUS PROJECT in the interest the Plaintiffs and Citizens within their jurisdictions and to the benefit of their livelihood.

Defendants are additionally violating public trust of the Plaintiffs and the Citizens within their jurisdictions by not confessing to the Citizens that such Citizens were extorted by the Defendants and were unlawfully and fraudulently forced to pay for unlawful public sewers and sewer user fees.

Defendants are additionally violating the public trust of the Plaintiffs and the Citizens within their jurisdictions by not supporting a GOING GREEN PROJECT that will enable each person in a Community to comply with their nondiscretionary obligations, in the case of discharging into a publicly owned treatment works, to implement pretreatment at each source pursuant to 33 U.S.C § 1317.

Defendants are additionally violating public trust of the Plaintiffs and the Citizens within their jurisdictions by not supporting a program which offers a method for the Plaintiffs and the Citizens within their jurisdictions to recover all moneys that has been extorted from them by the Defendants to build an unlawful sewer in violation of 33 U.S.C § 1365(f) and then required to unlawfully initiate a "direct connect" to such nonpoint source of pollution.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### (Insubordination Against All Defendant and DOES 15 through 100, inclusively)

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants are acting in defiance of their obligations to cease all discharges of all pollutants as persons from their source.

Defendants are acting insubordinate to their obligations to comply with 33 U.S.C § 1311(a) in the interest of public health and welfare, causing a threat to such public health and welfare as the result of their insubordination.

-39-

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

Defendant's acts of insubordinate are directly affecting the livelihood of the Plaintiffs and the Citizens of the Community.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## FIFTH CAUSE OF ACTION

**(Constructive Fraud – Extortion Against All Defendants and DOES 15 through 100, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants are actively conspiring with others in the Community to conceal the truth about the Lake Havasu City sewer extortion committed against the Citizens of the Community despite his duty of care and sworn statement to uphold the United States Constitution.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SIXTH CAUSE OF ACTION

**(Environmental Malfeasance Against All Defendant and DOES 15 through 100, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

1. Defendants are guilty of committing all causes of actions herein and blatantly refuse to cease doing so.

2. directly related to Defendant's acts of environmental malfeasance.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

**(Environmental Terrorism With Intent to Commit Knowing Endangerment to Public Health, Welfare and Public Livelihood Against All Defendants and DOES 15 through 100, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

Defendants have known of their toxic discharges for several years, yet refuse to take action to cease their toxic and harmful discharges of pollutants form their source in compliance with federal law and continue discharging from their source(s) daily causing ongoing treats to the public health and the environment.

-40-

NATIONAL STANDARDS ENFORCEMENT AGENCY

Defendants, in their positions of authority, are aware of the GREEN STIMULUS PROGRAM that has been brought to their jurisdictions by Plaintiffs and continues to act to oppress the project from being implemented, thereby allowing thousands of unlawful discharges in violation of 33 U.S.C §§ 1311, 1312, 1313, 1316, 1317 and 1342(a) to continue occurring within their jurisdictions each day.

Defendants, in their positions of authority, are fully aware of the GREEN STIMULUS PROGRAM brought to their Jurisdictions by the Plaintiffs and continues to act to oppress GREEN projects from being implemented, thereby preventing thousands of green-collar jobs from being had by Citizens in the implementation of the GREEN STIMULUS PROGRAM, thereby knowingly and gravely affecting the livelihood of thousands of Citizens within each of their Jurisdictions and thus causing severe endangerments to the Citizens' health and welfare.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## EIGHTH CAUSE OF ACTION

**DEFENDANTS' LIABILITY FOR VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS STATUTE**
**(Violation of Title 18, United States Code, Section 1962(c) Conducting the Affairs of the Enterprise Through a Pattern of Racketeering Activity Against All Defendants and DOES 15 through 100, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

From July 1, 1973 and continuing up to and including the date of the filing of this complaint, in the District of Columbia and elsewhere, Defendants and others known and unknown, being persons employed by and associated with the Enterprise described in Section B., below, did unlawfully, knowingly, and intentionally conduct and participate, directly and indirectly, in the conduct, management, and operation of the affairs of the aforementioned Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of numerous acts of racketeering in the District of Columbia and elsewhere, indictable under 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud), including, but not

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

NATIONAL STANDARDS ENFORCEMENT AGENCY

limited to, the acts of racketeering alleged in the Appendix to this Complaint which are incorporated by reference and realleged as if fully set forth herein, in violation of 18 U. S. C. § 1962 (c).

## B. The Enterprise Manner and Means

From July 1, 1973 and continuing up to and including the date of the filing of this complaint, in the District of Columbia and elsewhere, Defendants and others known and unknown, including agents and employees of defendants, collectively have constituted an "enterprise," as that term is defined in 18 U.S.C. § 1961(4), that is, a group of business entities and individuals associated in fact, which was engaged in, and the activities of which affected, interstate commerce and foreign commerce. Each defendant participated in the operation and management of the Enterprise.

The Enterprise functioned as a continuing unit for more than 37 years to achieve shared goals through unlawful means including the following: (1) to preserve and enhance the market for a practice of wastewater management and defendants' own profits, regardless of the truth, the law, or the health consequences to the American people; (2) to deceive consumers into believing they had to hook directly up to and discharge into a publicly owned treatment works or discharge into a septic system, despite the fact that defendants knew otherwise; (3) to deceive consumers (persons who purchase rights to use of water) into discharging and continuing to discharge by undertaking an obligation to do everything in its power, including committing acts of terrorism against such consumers; (4) to deceive consumers by misrepresenting the true meaning and intent of the Clean Water Act and other environmental laws.

The Enterprise came into existence not later than 1970 under authority given by President Nixon. The participants agreed at that meeting to conduct a false and misleading public relations and advertising campaign to deceive consumers and others about the true meaning of the Clean Water Act in order to protect the profits of the Enterprise.

The Enterprise has pursued a course of conduct of deceit and misrepresentation and conspiracy to defraud the public, to withhold from the public facts material to the decision to reclaim

-42-

NATIONAL STANDARDS ENFORCEMENT AGENCY

and reuse their water at their source and contain all pollutants at such source, to promote and maintain waste management practices requiring use of public sewers by all persons, and the profits derived therefrom.

The fraudulent, misleading and unlawful efforts of the Enterprise have continued from its inception to the present and threaten to continue into the future. The Enterprise is the authority and enforcer of all environmental laws and as such is arrogant knowing there is no enforcement authority, with the exception of this United States District Court to apply the federal environmental laws, to answer to besides themselves.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## NINTH CAUSE OF ACTION

### DEFENDANTS' LIABILITY FOR VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS STATUTE
**(Violation of Title 18, United States Code, Section 1962(d); Conspiracy to Violate Title 18, United States Code, Section 1962(c) Conspiracy to Conduct the Affairs of the Enterprise Through a Pattern of Racketeering Activity Against All Defendants and DOES 15 through 100, inclusively)**

Plaintiffs reallege all the foregoing allegations are incorporated at this point as though fully set forth in detail hereat.

From at least July 1, 1973 up to and including the date of the filing of this Complaint, in the District of Columbia and elsewhere, Defendants and others known and unknown, being persons employed by and associated with the herein described Enterprise did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together with each other, and with others whose names are both known and unknown, to conduct and participate, directly and indirectly, in the conduct of the affairs of the aforementioned Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of multiple acts indictable under 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1962(d).

**The Enterprise Manner and Means:**

-43-
MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

Each Defendant agreed that at least two acts of racketeering activity would be committed by a member of the conspiracy in furtherance of the conduct of the Enterprise. It was

part of the conspiracy that defendants and their co-conspirators would commit numerous acts of racketeering activity in the conduct of the affairs of the Enterprise, including in the District of Columbia and elsewhere.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### PRAYER

WHEREFORE, Plaintiffs National Standards Enforcement Agency, New Water Source Utilities-LHC and Dee Thomas Murphy, resident of the Los Osos Prohibition Zone and as a Private Attorney General, pray for judgment against all Defendants and DOES 15 through 100, inclusive, as follows:

ON THE FIRST CAUSE OF ACTION:

1. That this court provide a Declaration that Defendants, as Citizens of the United States of America, are required, pursuant to 33 U.S.C § 1311(a), to control their discharges in compliance with the National Green Standards of Performance or be liable pursuant to 33 U.S.C § 1365(f);

2. That this court order all Defendants, having a strict liability under their authority, confess to the public the truth about their concealment and why they didn't support the GOING GREEN PROJECTS;

3. For an award of damages for Plaintiff New Water Source Utilities LHC, the cost of providing at-source control in compliance with the National Green Standards of Performance;

4. For this court to order punishment against Defendants pursuant to 33 U.S.C § 1319(c)(2)(A)&(B) for knowingly violating sections 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of the Chapter and for violation of requirements imposed in a pretreatment program approved under section 1342(a)(3) or 1342(b)(8) of

-44-

NATIONAL STANDARDS ENFORCEMENT AGENCY

the Chapter, and knowingly introducing into a sewer system or into an underground excavation any pollutants which Defendants knew or reasonably should have known could cause personal injury or other than in compliance with Federal, State, or local requirements or permits, violates effluent standards or any effluent limitation knowingly allowing toxic discharges in violation of 1311(a) pursuant to section 1365 of this title, and punish Defendants and to deter others from engaging in similar misconduct at the maximum allowable of both $50,000 dollars per day of violation, beginning from March of 1995, and by imprisonment for not more than the maximum time provided by law pursuant to 33 U.S.C § 1319(c).

ON THE SECOND CAUSE OF ACTION:

1. That this court take this opportunity to make an example of the Defendants and decree that Defendants honor their fiduciary duties to the Plaintiffs and the Citizens within their Jurisdictions and confess to their acts of felony violations and take immediate action under their authority to immediately come into compliance with the requirements of federal laws to contain all toxic pollutants at their source so as to prevent them from migrating to cause water and other environmental pollution.

ON THE THIRD CAUSE OF ACTION:

1. That this court orders Defendants to immediately resign their positions as trusted public servants for violation of such public trust.

ON THE FOURTH CAUSE OF ACTION:

1. For this court to order punishment against Defendants for insubordination to Federal Laws pursuant to 33 U.S.C § 1319(c)(2)(A)&(B) for knowingly violating sections 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of the Chapter and for violation of requirements imposed in a pretreatment program approved under section 1342(a)(3) or 1342(b)(8) of the Chapter, and knowingly introducing into a sewer system or into an underground excavation any pollutants which Defendants knew or

-45-

reasonably should have known could cause personal injury or other than in compliance with Federal, State, or local requirements or permits, violates effluent standards or any effluent limitation knowingly allowing toxic discharges in violation of 1311(a) pursuant to section 1365 of this title, and punish Defendants and to deter others from engaging in similar misconduct at the maximum allowable of both $50,000 dollars per day of violation, beginning from March of 1995, and by imprisonment for not more than the maximum time provided by law pursuant to 33 U.S.C § 1319(c).

ON THE FIFTH CAUSE OF ACTION:

1. For this court to issue a judgment against all Defendants for actively conspiring with others within their Jurisdictions to conceal the truth about the Lake Havasu City sewer extortion and the Los Osos sewer debacle committed against their Citizens despite their duty of care and sworn statement to uphold the United States Constitution as public servants and authorities established to protect the interest of their Citizens.

2. For this court to issue such a judgment suited to make an example of all Defendants and to deter others from engaging in similar misconduct.

ON THE SIXTH CAUSE OF ACTION:

1. For this court to issue a judgment all Defendants, as persons, who are subject to compliance with the Federal Law pursuant to the National Green Standards of Performance.

2. For punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct.

ON THE SEVENTH CAUSE OF ACTION:

1. For this court to declare by issue of writ of mandamus for Defendants to take whatever action within their powers in support of Plaintiffs' GOING GREEN PROJECT in the interest of their fellow Citizens' health, welfare and livelihood by immediately accepting service to

-46-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

cease all toxic discharges from Defendants source(s) and / or point source(s) of discharges of pollutants.

2. For a declaration that all Defendants, under each of their authority, support adoption of a resolution to adopt and enforce the National Green Standards of Performance as expediently as practicable in the interest of public health and welfare.

3. For this court to order all Defendants to take whatever action that is within his legal powers to support the GOING GREEN PROJECT in the best interest of Lake Havasu City and Los Osos and to the benefit of the livelihood of the Citizens of both Communities.

4. For this court to order punishment against Defendants for insubordination to Federal Laws pursuant to 33 U.S.C § 1319(c)(2)(A)&(B) for knowingly violating sections 1311, 1312, 1313, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of the Chapter and for violation of requirements imposed in a pretreatment program approved under section 1342(a)(3) or 1342(b)(8) of the Chapter, and knowingly introducing into a sewer system or into an underground excavation any pollutants which Defendants knew or reasonably should have known could cause personal injury or other than in compliance with Federal, State, or local requirements or permits, violates effluent standards or any effluent limitation knowingly allowing toxic discharges in violation of 1311(a) pursuant to section 1365 of this title, and punish Defendants and to deter others from engaging in similar misconduct at the maximum allowable of both $50,000 dollars per day of violation, beginning from March of 1995, and by imprisonment for not more than the maximum time provided by law pursuant to 33 U.S.C § 1319(c).

5. For general damages in an amount to be proven at trial plus prejudgment interest thereon at the legal rate;

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

6. For punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct.

7. For damages, general, consequential and punitive, due Plaintiff Dee Thomas Murphy for loss of livelihood and the inconvenience and time suffered by Plaintiffs leading up to Plaintiffs having to take this action, starting the date the standard was promulgated to Defendants by the NSF International, March of 1995.

ON THE EIGHTH AND NINTH CAUSES OF ACTION:

Pursuant to the provisions of 18 U.S.C. § 1964, that this Court issue an Order and Judgment, jointly and severally, against Defendants, providing the following relief:

1. That this Court order that all of the defendants who are found to have violated 18 U.S.C. § 1962, disgorge all proceeds derived from any violation of 18 U.S.C. § 1962.

2. That this Court issue a permanent injunction that will do the following:

a. Prohibit each defendant and its successors, officers, employees, and all persons acting in concert with each defendant, from committing any act of racketeering, as defined in 18 U.S.C. § 1961(1), and from associating directly or indirectly, with any other person known to them to be engaged in such acts of racketeering or with any person in concert or participation with them.

b. Enjoin and restrain each Defendant and all other persons in concert with each defendant from participating in any way, directly or indirectly, in the management and/or control of any of the affairs of the practice of waste water management and cease association with any other entity known to them to be engaged in acts of racketeering.

c. Enjoin each Defendant and persons in concert with each Defendant from making false, misleading or deceptive statements or representations concerning the actual true Congressional purpose and intent of the Clean Water Act of 1972.

-48-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

d. Prohibit each Defendant and its agents from engaging in any public relations endeavor that misrepresents, or suppresses information concerning, the health risks associated with discharging pollutants from sources into nonpoint sources of pollution.

e. Order each Defendant or their replacements to arrange federal financial assistance, pursuant to the provision of United States Code Title 33 Chapter 26, but have no part of or influence over the control of or decision making relating to, a legitimate and sustained corrective campaign in compliance with the regulations of the National Green Standards to retrofit all point sources of discharges operating unlawfully since July 1, 1972 to be administered and controlled by Plaintiff National Standards Enforcement Agency.

3. That this Court award the Plaintiffs the costs of this suit, together with such other and further relief as may be necessary and appropriate to prevent and restrain further violations of 18 U.S.C. § 1962, and to deter others and end the ongoing wrongful conduct of defendants.

DECLARATORY RELIEF:

Pursuant to 28 U.S.C. § 2201, that this Court declare that defendants are liable, jointly and severally, for future costs of implementing at-source control technology to paid for by the United States pursuant to requirements of the Clean Water Act of 1972, United States Code Title 33 Chapter 26 resulting from the past tortious and wrongful conduct of Defendants.

FOR ALL CAUSES OF ACTION:

The minimum damages to Plaintiffs (to include Plaintiff's Dee Thomas Murphy's Licensee, Advanced Environmental Systems, Inc.) for their loss of profits theri livelihood and revenue due to be realized from each of the Defendants jurisdictions. Such minimum damages are to be calculated as follows:

1. $2,500 per permit issued by the RICO Enterprise to a DUE since March 1995.

2. The sewer user fees per DUE that should have been New Water Service fees since March 1995 instead of being realized by the RICO Enterprise.

3. The calculated carbon credits that would have been realized by eliminating the energy associated with a publicly owned treatment works collection system to pump such waste water from each DUE permitted since March of 1995 by the RICO Enterprise.

4. The value of the water taken from each DUE permitted by the RICO Enterprise, based upon water meter reading, that, pursuant to law, would have belonged to Plaintiff Dee Thomas Murphy and his licensee, Advanced Environmental Systems, Inc., upon the law being administered, adopted and enforced upon promulgation of standard by the NSF International in March of 1995.

5. For such other and further relief as the court may deem proper.


DATED: February 19, 2010            DEE THOMAS MURPHY


By: _____

DEE THOMAS MURPHY
Private Attorney General
- In Pro Per -
Representing Plaintiffs

MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION

EXHIBIT No. 1

**Testimony of**
**Alexis Strauss**
**Water Division Director, Region IX**
**U.S. Environmental Protection Agency**

**Before the**
**Subcommittee on Water and Power**
**Committee on Natural Resources**
**United States House of Representatives**

**May 27, 2009**

Madam Chair and Members of the Subcommittee, I am Alexis Strauss, Water Division

Director for the U.S. Environmental Protection Agency's ("EPA") Region 9 serving Arizona,

California, Hawaii, Nevada, the Pacific Islands subject to US law, and approximately 140 Tribal

Nations.    Thank you for the opportunity to be here this morning to speak to you about the

Environmental Protection Agency's National Water Program and specifically about the

authorities under the Clean Water Act to help communities along the lower Colorado River to

protect water quality.    As you know, the Colorado River is an extremely valuable resource: it is

the source of drinking water for 25 million people and irrigation water for almost 2 million

acres, and it provides recreational opportunities to millions of residents and visitors and

supports native species, some of which are threatened or endangered.

My testimony describes how various Clean Water Act programs are carried out by EPA,

working with our partner agencies in the states, to protect water quality on the lower Colorado

River.    I will focus on programs that support planning to protect water quality as well as

programs that provide funding for infrastructure.    I will also share where members of the

Colorado River Regional Sewer Coalition ("CRRSCo") have received federal funding under these

EPA programs.

**I. Water Quality and Watershed Planning**

EPA supports and encourages State and local governments to conduct the necessary watershed-based planning to protect our nation's waters from pollution and to restore those water bodies that have been impaired. Under Section 106 of the Clean Water Act, EPA provides annual grant funding to States to conduct water quality monitoring to assess the quality of the Nation's waters and to develop and implement strategies to protect high quality waters and to restore polluted waters. Under Clean Water Act Section 319, the nonpoint source program, States receive EPA funding to develop watershed-based plans and support local projects to address nonpoint source pollution. A Watershed Plan for the Lower Colorado River is under development by the State of Arizona Department of Environmental Quality (ADEQ). This plan, which we expect to be drafted within the next year, will identify the causes and sources of pollution to the lower Colorado, management measures to address pollution sources and the pollutant load reductions expected as a result. The Clean Water Act, under Section 604, also provides modest funding to States ($100,000/year to ADEQ) for water quality management planning, a portion of which can be passed-through to regional planning entities. For years, ADEQ has been funding the Councils of Governments to work with developers on wastewater infrastructure planning. This year, the federal stimulus package increased funding for this program.

## II. EPA Financing for Water Infrastructure

### The State Revolving Fund

Since passage of the Clean Water Act, EPA has provided significant funding for municipal wastewater treatment projects, initially under the Construction Grants Program, and since 1987, through the Clean Water State Revolving Fund (CWSRF).    Through the CWSRF program, each state maintains revolving loan funds to provide independent and permanent sources of low-cost financing for a wide range of water quality infrastructure projects. Funds to establish or capitalize the CWSRF programs are provided through EPA grants and state matching funds (equal to 20% of the EPA grant).    Since 1987, EPA has provided over $26 billion through 2008 to help capitalize these state-run revolving loan programs.    In combination with state monies, bond proceeds, and recycled loan payments, the CWSRFs have been able to "leverage" the federal investment and state matching funds into nearly $69 billion to fund wastewater and water quality projects.    As of 2008, for every federal dollar contributed, $2.41 has been provided in assistance.    This return is expected to increase as loan repayments are used to fund new projects.    Increased funding capacity is important because of rising needs, due both to construction cost inflation and the number of existing plants that are reaching the end of their useful life. The continued growth of the programs ensures that funding will be available for projects that improve and maintain water quality well into the future.

Since 1987, EPA has provided the State of Arizona with an annual grant for the CWSRF. This year, the grant, which goes to the Arizona Water Infrastructure Financing Authority (WIFA), is $4,543,000.    WIFA will make low interest loans to those applicants the state has determined to be of highest priority.    Lake Havasu has received 12 CWSRF loans between 2003 and 2008

for a total of $207.5 million and is expected to receive another $46.05 million low interest loan this year for its Wastewater System Expansion project.

The 2010 President's Budget requests $2.4 billion for the Clean Water SRF, an increase of over $1.5 billion from 2009 levels.    This historic request will increase Arizona's share of Clean Water SRF monies, making more low-cost financing available to municipalities' most critical wastewater needs.

**Federal stimulus**

Under the American Reinvestment and Recovery Act ("ARRA"), the State SRF programs are receiving significant additional funding.    In April, EPA awarded $26,469,600 of ARRA funds to Arizona's CWSRF program (plus another $55,340,000 for the drinking water SRF program). Lake Havasu applied for $5 million for its Wastewater Sewer Expansion project, and we expect them to receive this funding later this year, partly as a grant and partly as a low interest loan.

In addition to the CWSRF program, and a similar program under the Safe Drinking Water Act for drinking water infrastructure, EPA's annual Congressional appropriations often includes line-item appropriations which direct EPA to provide funding for specific local projects, the majority of which are water infrastructure projects.    Local governments along the lower Colorado have been the recipients of such funding.

**III. Infrastructure Needs**

EPA's most recent Clean Water Needs Survey (2004) estimated the Nation's wastewater infrastructure needs will be $205.5 billion dollars over the next 20 years.    A large portion of this funding gap is a result of deferred maintenance and aging infrastructure although those parts of the country with increasing populations, such as the Southwest, have a

large need to expand or build new infrastructure to accommodate growth.    And unlike utilities

subject to state regulation, such as electric and natural gas service providers and

privately-owned water systems, many water utilities in the U.S. have not historically charged

their users the full cost of services, resulting in inadequate revenues to maintain and upgrade

systems.

    I hope this information is of use to the Subcommittee, and I would welcome any

questions.

EXHIBIT No. 21

# EPA: United States Environmental Protection Agency

A-Z index

## News Releases issued by the Office of Enforcement and Compliance Assurance

# EPA Administrator Announces Plan to Retool and Reinvigorate Clean Water Enforcement Program

Release date: 10/15/2009

Contact Information: Deb Berlin, berlin.deb@epa.gov, 202-564-4914, 202-564-4355

**WASHINGTON** - The U.S. Environmental Protection Agency Administrator Lisa P. Jackson announced today at a House Transportation and Infrastructure Committee hearing that the agency is stepping up its efforts on Clean Water Act enforcement. The Clean Water Action Enforcement Plan is a first step in revamping the compliance and enforcement program. It seeks to improve the protection of our nation's water quality, raise the bar in federal and state performance and enhance public transparency.

"The safety of the water that we use in our homes – the water we drink and give to our children – is of paramount importance to our health and our environment. Having clean and safe water in our communities is a right that should be guaranteed for all Americans," said Administrator Jackson. "Updating our efforts under the Clean Water Act will promote innovative solutions for 21st century water challenges, build stronger ties between EPA, state, and local actions, and provide the transparency the public rightfully expects."

The plan announced today outlines how the agency will strengthen the way it addresses the water pollution challenges of this century. These challenges include pollution caused by numerous, dispersed sources, such as concentrated animal feeding operations, sewer overflows, contaminated water that flows from industrial facilities, construction sites, and runoff from urban streets.

The goals of the plan are to target enforcement to the most significant pollution problems, improve transparency and accountability by providing the public with access to better data on the water quality in their communities, and strengthen enforcement performance at the state and federal levels. Elements of the plan include the following:

• Develop more comprehensive approaches to ensure enforcement is targeted to the most serious violations and the most significant sources of pollution.

• Work with states to ensure greater consistency throughout the country with respect to compliance and water quality. Ensure that states are issuing protective permits and taking enforcement to achieve compliance and remove economic incentives to violate the law.

• Use 21st century information technology to collect, analyze and use information in new, more efficient ways and to make that information readily accessible to the public. Better tools will help federal and state regulators identify serious compliance problems quickly and take prompt actions to correct them.

Last July, Administrator Jackson directed EPA's Office of Enforcement and Compliance Assurance to develop the plan in response to data showing that the nation's water quality is unacceptably low in many parts of the country.

More information on the plan: http://www.epa.gov/compliance/civil/cwa/cwaenfplan.html

Receive our News Releases Automatically by Email

Search This Collection | Search All Collections

Get email when we issue a news release related to compliance and enforcement

• Compliance and Enforcement newsroom

**NATIONAL STANDARDS ENFORCEMENT AGENCY v. STRAUSS, et al.**
**SERVICE LIST**

Barack Obama
President of the United States
C/o Eric H. Holder
United States Attorney General
United States Department of Justice
950 Pennsylvania Ave, NW
Washington D.C. 20530-0001
T:      (202)353-1555

Eric H. Holder
United States Attorney General
United States Department of Justice
950 Pennsylvania Ave, NW
Washington D.C. 20530-0001
T:      (202)353-1555

Lisa Jackson
Administrator of the United States Environmental Protection Agency
C/o Eric H. Holder
United States Attorney General
United States Department of Justice
950 Pennsylvania Ave, NW
Washington D.C. 20530-0001
T:      (202)353-1555

Alexis Strauss
Director Water Division, USEPA Region 9
75 Hawthorne Street, Mail Code WTR-1
San Francisco, CA 94105
T:      (415)972-3572
Email: strauss.alexis@epa.gov

Arnold Schwarzenegger
Governor of the State of California
1001 I. Street
P.O. Box 2815
Sacramento, CA 95812-2815

Edmund G. Brown Jr.
Attorney General of the State of California
Office of the Attorney General
1300 I. Street
P.O. Box 944255
Sacramento, CA 94244-2550
T:      (916)455-9555

-51-

**MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR**
**EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

NATIONAL STANDARDS ENFORCEMENT AGENCY

1   Tom Blake, State Bar No. 51885
    Deputy Attorney General
2   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
3   Telephone: (415) 703-5506
    Fax: (415) 703-5480
4   Email: Tom.Blake@doj.ca.gov

5
    Mike Chrisman, Secretary
6   Natural Resources Agency
    1416 Ninth Street, Suite 1311
7   Sacramento, CA 95814
    T:      (916)653-5656
8
    Bill Chiat, Executive Director
9   California Association of Local Agency
    Formation Commissions
10  1215 K Street, Suite 1650
    Sacramento, CA 95814
11

12  Barry La Barbara
    Superior Court Judge (Ret.)
13  1050 Monterey Street
    San Luis Obispo, CA 93408-2500
14  T:      (805)781-5677
15
    Bruce Gibson, Supervisor
16  2nd District, San Luis Obispo County
    1410 Cottontail Creek Rd
17  Cayucos, CA 93430
18
    Lisa Schicker, Former President and Director
19  Los Osos Community Services District
    1543 Eighth Street
20  Los Osos, CA 93402
21
    Secretary Janet Napolitano
22  Department of Homeland Security
    U.S. Department of Homeland Security
23  Washington, DC 20528
    T:      (202)282-8000
24
    Charlie Cassens
25  Lake Havasu City Interim City Manager
    2330 McCulloch Blvd. N.
26  Lake Havasu City, Arizona 86403
    T:      (928)854-4212
27

28
                                    -52-
    **MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
    EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION**

Paul Lenkowsky
Lake Havasu City Attorney
1181 Hancock Road, Bullhead City, AZ 86442
T:      (928)758-4815

Dean Barlow
Lake Havasu City Council Member
4140 Bison Blvd.
Lake Havasu City, Arizona 86404
T:      (928)453-6310

Lee Barnes
Lake Havasu City Council Member
2385 Cosnina Dr.
Lake Havasu City, Arizona 86403
T:      (928)453-8736

Donald Callahan
Lake Havasu City Council Member
3721 Lost Dutchman Dr.
Lake Havasu City, Arizona 86406
T:      (928)680-1212

David McAtlin
Lake Havasu City Council Member
2885 Swanee Lane
Lake Havasu City, Arizona 86403
T:      (928)453-5407

Margaret Nyberg
Lake Havasu City Council Member
2500 Avalon Ln.
Lake Havasu City, Arizona 86403
T:      (928)208-9568

Brian Wedemeyer
1930 Mesquite Avenue
Lake Havasu City, Arizona 86403
T:      (928)855-2116
Email: bwedemeyer@npgcable.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NATIONAL STANDARDS ENFORCEMENT AGENCY

-53-
MOTION FOR SUMMARY ADJUDICATION AND SUMMARY JUDGEMENT AND MOTION FOR
EMERGENCY EX PARTE DECLARATORY RELIEF AND PERMANENT INJUNCTION