IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEE THOMAS MURPHY,

    Plaintiff,　　　　　　　　　　No. CIV S-09-2587 JAM DAD PS

  vs.

ARNOLD SCHWARZENEGGER,

    Defendant.　　　　　　　　　　ORDER

_____/

        The pro se plaintiff in this matter has filed a document which he has characterized as both his opposition to the court's order filed February 11, 2010, and as his second amended complaint.

        To the extent that plaintiff's opposition can be construed as an objection to the court's order, the objection is overruled because plaintiff has not articulated a legal objection or offered any ground for an objection. To the extent that plaintiff's opposition can be construed as a request for reconsideration, plaintiff has not briefed new or different facts or circumstances which did not exist prior to the filing of the court's order. See Local Rule 230(j). Requests for reconsideration are directed to the sound discretion of the court. See Boone v. United States, 743 F. Supp. 1367, 1371 (D. Haw. 1990), aff'd, 944 F.2d 1489 (9th Cir. 1991); Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981). In general, decisions on legal

issues made in a case should be followed unless there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and has resulted in injustice.  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).  Reconsideration is not a vehicle by which an unsuccessful party is permitted to "rehash" arguments previously presented or to present arguments that could have been raised previously.  See Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  Here, plaintiff's filing does not offer substantially different evidence or new controlling authority.  Nor does the filing show that the court's ruling was clearly erroneous and resulted in injustice.  For these reasons, plaintiff's opposition will be disregarded.

        To the extent that plaintiff seeks recognition of his proposed second amended complaint as the operative pleading in the case, plaintiff is informed that a plaintiff may amend his pleading only once as a matter of course.  After having amended once as a matter of course, a plaintiff may amend his pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  To obtain leave of court, plaintiff must file a properly noticed motion for leave to amend, with a copy of his proposed second amended complaint attached to that motion as an exhibit.  Local Rule 230(a) and (b).  The motion must be noticed for hearing before the undersigned on a regularly scheduled law and motion calendar, and plaintiff must contact Pete Buzo, courtroom deputy to the undersigned, for available dates.  The motion must be set for hearing not less than 28 days after the service and filing of the motion.  The motion must be supported by a memorandum of points and authorities in which plaintiff cites legal authority for the proposed amendments, including joinder of additional parties.  The court must deny any motion for leave to amend that proposes joinder of any entity plaintiff while plaintiff Murphy continues to proceed pro se.

/////

The order opposed by plaintiff continued the hearing of defendant's pending motion to dismiss to March 5, 2010 and granted plaintiff a final extension of time to February 19, 2010 to file opposition to the motion. Plaintiff was advised that no further continuance would be granted for this purpose at plaintiff's request. Plaintiff did not file opposition to the defendant's motion to dismiss. "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 230(c). Accordingly, the court will take defendant's unopposed motion to dismiss under submission on the record and briefs on file, and the scheduled hearing of the motion will be vacated. Local Rule 230(g).

IT IS ORDERED that:

1. Plaintiff's February 19, 2010 proposed second amended complaint (Doc. No. 16) will be disregarded;

2. Plaintiff's February 19, 2010 request to replace pages (Doc. No. 17) is denied as moot; and

3. Defendant's unopposed motion to dismiss (Doc. No. 7) is taken under submission pursuant to Local Rule 230(g), and the hearing set for March 5, 2010, is vacated.

DATED: March 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\murphy2587.ord.mtdsubm

3